IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:06-CR-117-FL-1
NO. 7:12-CV-254-FL

| | | |
|---|---|---|
| RAFAEL MIGUEL TORRES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (DE # 34), and the government's motion to revoke supervised release (DE # 24, 26, 27). On October 10, 2012, the government filed a response waiving its statute of limitations defense and suggesting that the court grant the motion and vacate petitioner's conviction. Where the motion to vacate has merit, the government also requests that the court dismiss the motion to revoke supervised release.

On March 19, 2007, petitioner pled guilty to felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). The court sentenced petitioner on July 20, 2007, to a term of 60 months' imprisonment, followed by a three-year term of supervised release. Petitioner served his term of incarceration. On February 2, 2011, the United States Probation Office filed a motion for Revocation, and on August 2, 2012, the motion was amended and a warrant was requested for petitioner's arrest. Petitioner appeared before Magistrate Judge William A. Webb on August 29, 2012, at which time the government moved for his detention. After defendant filed his motion to vacate, however, the government withdrew its motion for detention, and petitioner was released

from custody on the same conditions of supervised release.

In light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), petitioner does not have a prior conviction of a crime punishable by imprisonment for a term exceeding one year. A necessary element of the crime of conviction is therefore lacking. See 18 U.S.C. § 922(g)(1). Where the government waives defenses and concedes that petitioner's motion to vacate sentence should be granted, and where the court, having reviewed the record, finds petitioner's motion meritorious, said motion is GRANTED, and the judgment of conviction and sentence dated July 20, 2007, is VACATED, and the government's motion for revocation of supervised release is DISMISSED. Petitioner is ORDERED to be released from his term of supervised release, unless some cause be shown by the government on or before noon on October 12, 2012, why petitioner is not now entitled to this relief.

SO ORDERED, this the 10th day of October, 2012.

_____
LOUISE W. FLANAGAN
United States District Judge